# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL GREENBERG, | : | |
|       Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 11-4132 |
| | : | |
| MACY'S, ET AL., | : | |
|       Defendants. | : | |
| | : | |

**Diamond, J.**                                                                 **September 14, 2011**

## MEMORANDUM

Plaintiff, a Pennsylvania resident, originally filed this negligence action in state court, naming out-of-state corporate defendants who removed to this Court on diversity grounds. Plaintiff voluntarily dismissed the action, only immediately to re-file it in state court, adding, *inter alia*, two individual defendants who are Pennsylvania citizens, thus defeating complete diversity. Defendants nonetheless again removed, arguing that because Plaintiff had fraudulently added the Pennsylvania citizens, diversity jurisdiction still exists. Plaintiff has moved to remand and asked me to impose fees and costs. Because Defendants have not met their heavy burden of establishing fraudulent joinder, I will remand. In the circumstances presented, however, I will not impose fees and costs.

    **I.**      **BACKGROUND**

On April 18, 2011, Plaintiff filed her Complaint in the Philadelphia Common Pleas Court, bringing a single count of negligence against five corporate entities related to Macy's, Inc. *(Doc. No. 1, Ex. A, ¶¶26-30.)* Plaintiff alleged that on January 29, 2011, while shopping at Macy's in Ardmore, she was injured when she tripped on an "unmarked, empty platform" placed

on the floor in front of the store elevator in the Women's Department. *(Id. ¶12.)* She alleged that Defendants wrongfully created the dangerous condition that injured her. *(Id. ¶¶12, 17, 29.)*

Because Plaintiff is a citizen of Pennsylvania and Defendants citizens of either Delaware or New York (with their principal places of business in Ohio), on May 23, 2011, Defendants removed to this Court on diversity grounds. *(Doc. No. 1, ¶¶2, 15-19, 21.)* On June 1, 2011, Plaintiff filed a voluntary Notice of Dismissal without prejudice. *(Id. ¶3)*; Fed. R. Civ. P. 41(a)(1). Although Plaintiff now suggests that this dismissal "is of no moment," her reason for taking this unusual action quickly became apparent. *(Doc. No. 7 at 2 n.1.)* The next day, Plaintiff filed a second Complaint in the Philadelphia Common Pleas Court. *(Doc. No. 1, Ex. D.)* Although the substance of the first and second Complaints is the same, the Parties are not. In addition to the five original corporate defendants, Plaintiff named four new defendants: Pennsylvania citizen Nikki Peticca-Melso (the Ardmore Store Manager); Kimco Realty Corporation (a Maryland corporation and the Ardmore store's purported property manager); Kimco Realty Services, Inc. (a Delaware corporation); and Pennsylvania citizen Nina Rogers (Director of Real Estate for Kimco Realty Corporation). *(Doc. No. 1, ¶5; Doc. No. 1, Ex. D, ¶¶7-12.)*

Ms. Peticca-Melso and Ms. Rogers are alleged to be Pennsylvania citizens, thus suggesting that complete diversity no longer exists. *(Doc. No. 7 at 2.)* Defendants nonetheless again removed, arguing that Plaintiff fraudulently joined Peticca-Melso and Rogers to defeat diversity. *(Doc. No. 1, passim.)* Plaintiff has moved to remand, arguing that there is no fraudulent joinder. *(Doc. No. 7, passim.)* Plaintiff also asks for fees and costs she has incurred in seeking remand. *(Id. at 12)*; see 28 U.S.C. § 1447(c).

2

## II.     LEGAL STANDARD

The Third Circuit advises that "plaintiffs have the option of naming those parties whom they choose to sue, subject only to the rules of joinder of necessary parties." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 110 (3d Cir. 1990). "While the plaintiffs' decision in this regard may have repercussions for purposes of diversity jurisdiction, there is no reason for a court to interfere with this inevitable consequence of a plaintiff's election unless the plaintiff had impermissibly manufactured diversity or used an unacceptable device to defeat diversity." Id.

The fraudulent joinder of a non-diverse party is an "unacceptable device to defeat diversity." Id. Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985). Nevertheless, a plaintiff's "motive . . . to defeat diversity is *not* considered indicative of fraudulent joinder." Id. (emphasis supplied).

A defendant arguing fraudulent joinder faces a "heavy burden of persuasion." Boyer, 913 F.2d at 111. The district court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Id. "'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" Id. (quoting Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983)). In making this evaluation, the district court may not consider the merits of the plaintiff's case. See Boyer, 913 F.2d at 112-13 (overturning a finding of fraudulent joinder because it was based on a merits analysis).

When applying <u>Boyer</u>, the court must distinguish substantive facts—which are construed as alleged in the plaintiff's favor—from jurisdictional facts. In determining whether diversity exists, the court "may demand" that these "jurisdictional facts" be established by an evidentiary preponderance. <u>See</u> <u>Frederico v. Home Depot</u>, 507 F.3d 188, 194 (3d Cir. 2007) (quoting <u>McNutt v. Gen. Motors Acceptance Corp. of Ind.</u>, 298 U.S. 178, 189 (1936)). "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." <u>Hertz Corp. v. Friend</u>, 130 S. Ct. 1181, 1194 (2010). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." <u>Id.</u> at 1194-95.

## III.  DISCUSSION

I must first determine whether or not there is complete diversity between Plaintiff and Defendants. <u>See</u> <u>id.</u> at 1194. If not, I must determine under <u>Boyer</u> whether Defendants have made out fraudulent joinder with respect to the negligence claim brought against each non-diverse defendant.

### A. Defendants

Plaintiff alleges that Macy's and Macy's New Jersey, Inc. are organized under Pennsylvania law. She alleges that the Individual Defendants are Pennsylvania citizens. Either allegation, if true, would defeat diversity. <u>See</u> 28 U.S.C. § 1332(a)(1), (c)(1). She also alleges that these Defendants as well as Kimco Realty Corporation and Kimco Realty Services, Inc. each have "a place of business" in Pennsylvania.

Defendants have demonstrated that they are not incorporated in Pennsylvania and do not have their "principal places of business" in this state. Accordingly, they are not Pennsylvania

citizens for diversity purposes. See id. § 1332(c)(1). Defendants concede, however, that Peticca-Melso and Rogers are Pennsylvania citizens. *(Doc. No. 9 at 4-5.)*

### Incorporation of Macy's Entities

Defendants have submitted an affidavit from Macy's Corporate Services that no legal entity with the name "Macy's" or "Macy's New Jersey, Inc." exists. *(Doc. No. 9, Ex. J., ¶¶2, 3.)* In response, Plaintiff offers only a page from the Pennsylvania Department of State's website titled "Business Entity Filing History," with the subheading "Business Name History." *(Doc. No. 7, Ex. C.)* The webpage provides that a business entity named "MACY'S," owned by a "MACY'S NEW JERSEY INC," was created in 1986 and has a "principal place of business" in Philadelphia. This obviously does not establish the incorporation of Macy's in Pennsylvania.

### Principal Place of Business

Defendants have submitted an affidavit that Macy's has its principal places of business outside Pennsylvania. *(Doc. No. 9, Ex. J., ¶¶4-6.)* Although Plaintiff's website submission includes a description of the Macy's Philadelphia location as a "principal place of business," this appears to be a loosely worded self-description with no legal significance. *(Doc. No. 7, Ex. C.)* The Supreme Court has held that for diversity purposes, a "principal place of business" must be a corporate "nerve center." Hertz, 130 S. Ct. at 1192 ("'[P]rincipal place of business' [refers] to the place where a corporation's officers direct, control, and coordinate the corporation's activities."); see 28 U.S.C. § 1332(c)(1). Plaintiff offers nothing to rebut Defendants' affidavit or to show that any of the corporate defendants has a Pennsylvania "nerve center / principal place of business." Rather, she alleges that Macy's, Macy's New Jersey, Inc., Kimco Realty Corporation, and Kimco Realty Services, Inc. each have only "a place of business" in Pennsylvania. *(Doc. No. 1, Ex. D, ¶¶2, 3, 9, 10; Doc. No. 7 at 3.)* Although no one doubts that Macy's does business in

this state (and, indeed, in Philadelphia), this does not mean its "nerve center" is here. See Hertz, 130 S. Ct. at 1192.

Defendants agree that the Kimco entities have places of business in Pennsylvania, but demonstrate that Kimco's *principal* places of business are in New York. *(Doc. No. 9 at 5; Doc. No. 9, Ex. G, ¶¶9, 10.)* Plaintiff offers nothing to rebut or to impugn this showing.

In sum, Defendants have established by a preponderance that Macy's, Macy's New Jersey, Inc., Kimco Realty Corporation, and Kimco Realty Services, Inc. are neither incorporated in Pennsylvania nor have principal places of business here. See Frederico, 507 F.3d at 194. Defendants thus satisfy the requirements for diversity as to these entities. See 28 U.S.C. § 1332(c)(1). Defendants concede, however, that Peticca-Melso and Rogers are Pennsylvania citizens, thus defeating diversity unless these individuals were fraudulently joined. *(Doc. No. 9 at 4-5.)*

### B. *Boyer* Analysis

It is undisputed that Plaintiff intends "in good faith to prosecute the action against [the non-diverse parties] or seek a joint judgment." Abels, 770 F.2d at 32. Defendants argue only that Peticca-Melso and Rogers are fraudulently joined because Plaintiff has no colorable claim against them. *(Doc. No. 1, passim.)* I must thus determine whether there is "even a possibility that a state court would find that the complaint states a cause of action against" the non-diverse Defendants. Boyer, 913 F.2d at 111. Because I am not deciding a motion to dismiss, I may not consider whether Plaintiff will ultimately prevail against Peticca-Melso or Rogers. See id. at 112-13. Indeed, only in unusual circumstances could I properly look beyond the Plaintiff's pleadings. Cf. In re Briscoe, 448 F.3d 201, 220 (3d Cir. 2006) (considering "reliable evidence" that claims against non-diverse defendants were time-barred). Having conducted this extremely

limited inquiry, I conclude that the Complaint sets forth a colorable cause of action against the non-diverse defendants.

Plaintiff proceeds against Peticca-Melso as an employee of Macy's and Rogers as an employee of Kimco Realty Corporation. Under Pennsylvania law's "participation theory," a corporate employee may be held personally liable for negligent activity carried out within the scope of her employment:

> The general, if not universal, rule is that an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor; but that an officer of a corporation who takes no part in the commission of the tort committed by the corporation is not personally liable to third persons for such a tort, nor for the acts of other agents, officers or employees of the corporation in committing it, unless he specifically directed the particular act to be done or participated, or cooperated therein.

Wicks v. Milzoco Builders, Inc., 470 A.2d 86, 89-90 (Pa. 1983); see also Tayar v. Camelback Ski Corp., 957 A.2d 281, 290 (Pa. Super. Ct. 2008) (expanding the "participation theory" to corporate employees); Cosmas v. Bloomingdales Bros., 660 A.2d 83, 89 (Pa. Super. Ct. 1995) (same). Accordingly, to make out a colorable negligence claim, Plaintiff must allege that Peticca-Melso or Rogers engaged in "misfeasance" and not mere "nonfeasance." Wicks, 470 A.2d at 90.

The Pennsylvania Supreme Court has defined "nonfeasance" as "omitting to do, or not doing, something which ought to be done, which a reasonable and prudent man would do . . . ." Nelson v. Duquesne Light Co., 12 A.2d 299, 303 (Pa. 1940). "Misfeasance" is "the doing of something which ought not to be done, something which a reasonable man would not do, or doing it in such a manner as a man of reasonable and ordinary prudence would not do it, in either case leading to mischief or injury." Id.

The plaintiffs in Wicks sufficiently pled negligent misfeasance on the part of two corporate officers, alleging that both knew of the unreasonable risk of harm that certain

7

construction work would create, but "deliberately ordered the work to proceed." 470 A.2d at 90. Accordingly, I must determine whether Plaintiff has made similarly adequate allegations against Peticca-Melso or Rogers. As I have discussed, Plaintiff alleges that on January 29, 2011, she tripped in Macy's on a "dangerous and unsafe condition"—an "unmarked, empty platform" in front of the Women's Department elevator in the Ardmore store. *(Doc. No. 1, Ex. D, ¶18.)* Plaintiff further alleges as to all Defendants as follows:

> [T]he defendants, despite having knowledge of a dangerous and hazardous condition existing on the Property . . . failed to take any action to remedy the . . . condition and/or warn invitees . . . .
>
> At all relevant times hereto, the dangerous and hazardous condition located in the Property had been created by defendants acting by themselves and by and through their agents . . . .
>
> [Plaintiff's] fall and resultant injuries . . . were caused by the negligence, carelessness, and recklessness of defendants, jointly and severally with all defendants, acting by and through their separate and respective agents . . . in . . . creating a dangerous and unsafe condition . . . .

*(Id. ¶¶22, 23, 35.)* Plaintiff has thus alleged, *inter alia*, that the Macy's Store Manager Peticca-Melso and Kimco Director of Real Estate Rogers themselves wrongfully created or directed the creation of the "dangerous and hazardous condition" that caused Plaintiff's injury. This makes out negligent misfeasance within the meaning of Wicks, 470 A.2d at 90.

In opposing remand, Defendants have offered affidavits from Peticca-Melso and Rogers that they had nothing to do with the creation or failure to correct the "hazardous condition" that purportedly caused Plaintiff's injuries. *(Doc. No. 9, Exs. K, L.)* Although these assertions, if true, could well warrant a grant of summary judgment in favor of the Individual Defendants, I may not consider them in determining whether diversity jurisdiction exists. See Briscoe, 448 F.3d at 217-18, 220; Boyer, 913 F.2d at 112-13. On the contrary, I am obligated at this early stage to

8

credit Plaintiff's factual allegations. Boyer, 913 F.2d at 111. Because these allegations make out negligent misfeasance, Plaintiff has pled a colorable case against the Individual Defendants.

### C. *Iqbal* and *Twombly* Analysis

This does not end the fraudulent joinder inquiry, however. In deciding whether to remand, some district courts have applied the "heightened pleading standard" set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). See Positive Results Mktg., Inc. v. Buffalo-Lake Erie Wireless Sys. Co., No. 3:CV-08-0382, 2008 WL 2096865, at *2 (M.D. Pa. May 16, 2008) (Vanaskie, J.); McConnell v. Funk, No. 2:10-cv-97KS-MTP, 2010 WL 4736257, at *3 (S.D. Miss. Nov. 16, 2010). These decisions require a plaintiff to set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).

Applying Iqbal and Twombly here seems anomalous, as it would obligate Plaintiff to meet federal pleading standards to demonstrate her right to proceed in state court. Even if Iqbal and Twombly apply, however, I must determine first whether they create a heightened pleading standard. If I determine they do, I must then decide whether a state court could possibly conclude that Plaintiff has met that standard. See Boyer, 913 F.2d at 111.

There is a decided national debate—and there are conflicting Third Circuit panel decisions—as to whether Iqbal and Twombly created a more rigorous federal pleading requirement. Compare Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (after Iqbal and Twombly, "pleading standards have seemingly shifted . . . to a more heightened form of pleading"), and Patricia W. Hatamyar, The Tao of Pleading: Do *Twombly* and *Iqbal* Matter Empirically?, 59 Am. U. L. Rev. 553, 555 (2010) ("empirically demonstrat[ing] that district courts ruled much differently on 12(b)(6) motions after Twombly"), with In re Ins. Brokerage

9

Antitrust Litig., 618 F.3d 300, 319 n.17 (3d Cir. 2010) ("Although [Fowler] stated that Twombly and Iqbal had 'repudiated' the Supreme Court's earlier decision in Swierkievicz v. Sorema N.A., 534 U.S. 506 (2002) [(rejecting a 'heightened pleading standard')], we are not so sure."), Arista Records, LLC v. Doe 3, 604 F.3d 110, 119-20 (2d Cir. 2010) (rejecting the suggestion that Twombly created a heightened pleading standard), and Adam N. Steinman, The Pleading Problem, 62 Stan. L. Rev. 1293, 1293 (2010) ("[A] careful reading of Twombly and Iqbal undermines the conventional wisdom that they require a stricter approach to pleading.").

The Third Circuit's decisions in Fowler and Ins. Brokerage Antitrust Litig., far from eliminating the uncertainty created by Iqbal and Twombly, demonstrate that the Court of Appeals itself has not decided whether the Supreme Court has created a new pleading standard. I will nonetheless assume, *arguendo*: 1) that Iqbal and Twombly require "heightened" pleadings, and 2) that this new standard applies here.

Even with the benefit of these rulings, Defendants have not made out fraudulent joinder. The Iqbal/Twombly Courts did not purport to nullify Rule 8(a)(2)'s requirement that a pleading include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see Iqbal, 129 S. Ct. at 1954; Twombly, 550 U.S. at 557; Ins. Brokerage Antitrust Litig., 618 F.3d at 320. Rather, the Iqbal/Twombly Courts emphasized the pleader's obligation to set out a *plausible* claim. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 556, 570; see also Ins. Brokerage Antitrust Litig., 618 F.3d at 319; Fowler, 578 F.3d at 211-12. Accordingly, the Fowler Court held that this plausibility test requires the pleader to set out the "how, when, and where" of her claim. 578 F.3d at 212.

Plaintiff has met the requirements of Fowler. She alleges that two high-ranking employees wrongfully created or directed the creation of a hazardous condition—an "unmarked

empty platform" placed in front of the Women's Department elevator in Macy's Ardmore store—which caused Plaintiff's fall on January 29, 2011, resulting in her injuries. *(Doc. No. 1, Ex. D, ¶¶18, 23, 35.)*

This is a close question. Plaintiff has not alleged in any detail how Peticca-Melso or Rogers acted wrongfully. I nonetheless conclude there is a "possibility that a state court" would find Plaintiff's negligence claim plausible. Boyer, 913 F.2d at 111; cf. Fowler, 578 F.3d at 211-12 (finding "plausible claims" even when the complaint was "not as rich with detail as some might prefer"). Accordingly, even though it is apparent that Plaintiff joined Peticca-Melso and Rogers simply to defeat diversity, I cannot conclude that the joinder is fraudulent. See Abels, 770 F.2d at 32.

In sum, Defendants have not met their "heavy burden" of showing fraudulent joinder. Boyer, 913 F.2d at 111. I am thus compelled to remand this matter to the Philadelphia Common Pleas Court. See id. at 113.

### IV.     REQUEST FOR FEES AND COSTS

I may grant Plaintiff's request if there was no "objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005); see also 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Awarding attorney's fees and costs is not appropriate, however, where the defendant based its "colorable removal claim in an area of unsettled law." Roxbury Condo. Ass'n v. Anthony C. Cupo Agency, 316 F.3d 224, 228 (3d Cir. 2003); cf. Conklin v. Moran Indus., Inc., Civ. No. 11-411, 2011 WL 2135647, at *7 (E.D. Pa. May 31, 2011) ("Since Plaintiffs' wrongful termination claim does, in part, rest on a federal statute, and Defendants made a colorable—if ultimately unsuccessful—argument in favor of

subject matter jurisdiction, we find that Defendants had an objectively reasonable basis for seeking removal in this case.").

As I have discussed, although I have resolved both questions in Defendants' favor, the law is unsettled as to whether Iqbal and Twombly create a heightened pleading standard and, if so, whether that standard applies here. See Uon v. Tanabe Int'l Co., Civ. No. 10-5185, 2010 WL 4946681, at *2 & n.3 (E.D. Pa. Dec. 3, 2010). Compare Fowler, 578 F.3d at 210, with Ins. Brokerage Antitrust Litig., 618 F.3d at 319 n.17. Because Defendants have thus presented a "colorable removal claim in an area of unsettled law," I will deny Plaintiff's request for fees and costs. Roxbury Condo. Ass'n, 316 F.3d at 228.

## V.   CONCLUSION

For these reasons, Plaintiff's Motion to Remand is **GRANTED** and Plaintiff's Motion to impose fees and costs on Defendants is **DENIED**.

An appropriate Order follows.

*/s/ Paul S. Diamond*

_____
**Paul S. Diamond, J.**